IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEVIN OMAR FRAZER,

    Plaintiff,

v.   No. CV 09-0925 MCA/LFG

WARDENS TERRY, A.W. FRAWNER,
LT. TREVINO, OTERO COUNTY MTC,
LT. TREVINO, SGT. GINEZ, AND ALL,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated as an alien detainee. He appears pro se and is proceeding in forma pauperis.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

    The complaint alleges that Plaintiff has been assaulted and unreasonably strip-searched, his

meals are prepared in violation of his religious beliefs, and he has been subjected to discrimination on the basis of race and sexual orientation. Plaintiff asserts that these actions have violated his constitutional rights. His allegations against the individual Defendants appear to survive initial scrutiny under Fed. R. Civ. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring that a complaint contain "enough facts to state a claim to relief that is plausible on its face.").

On the other hand, Plaintiff's allegations do not support claims under 42 U.S.C. § 1983 against the named Defendants Otero County and MTC. "[A] plaintiff suing a county under section 1983 for the actions of one of its officers must demonstrate [that] . . . a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998). Plaintiff makes no allegation that his injuries resulted from a county custom or policy. Nor does he allege that named Defendant MTC caused the violations. "[C]orporate defendants cannot be held vicariously liable for the acts of their servants under section 1983." *Dickerson v. Leavitt Rentals*, 995 F. Supp. 1242, 1247 (D. Kan. 1998), *quoted in Baker v. Simmons*, 65 F. App'x 231, 234 (10th Cir. 2003). The Court will dismiss Plaintiff's claims against these Defendants.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Otero County and MTC are DISMISSED with prejudice, and these Defendants are DISMISSED from this action;

IT IS FURTHER ORDERED that the Clerk issue notice and waiver of service forms, with copies of the complaint, for the individual Defendants Terry, Frawner, Trevino, and Ginez.

_____12/31/09
UNITED STATES DISTRICT JUDGE